IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOSH GOBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-00246-H-BU |
| PARKER COUNTY CORPORATION, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Josh Goble, proceeding pro se, filed this action against various Defendants on November 12, 2025. Dkt. No. 1. The undersigned recommended dismissing Goble's claims under Rule 41(b) for failure to comply with multiple Court orders.[1] *See* Dkt. No. 12. The undersigned also specifically found that "Goble has prosecuted this case thus far with bad faith and with the apparent intent to cause purposeful delay." *Id*. at 4. District Judge James Wesley Hendrix accepted and adopted the undersigned's Findings, Conclusions, and a Recommendation (FCR) and entered an Order and Final Judgment on March 31, 2026, dismissing Goble's claims with prejudice. Dkt. Nos. 27; 28.

Now before the Court is Goble's Motion seeking an extension of time to file a notice of appeal. Dkt. No. 29. Because the Court finds that there is no "excusable neglect" under

---

[1] Goble filed an untimely objection to the FCR. Dkt. No. 13. Now he seeks an untimely appeal. Dkt. No. 30.

1

FRAP 4(a)(5) for Goble filing a late notice of appeal, the undersigned RECOMMENDS that the Court DENY Goble's Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Order and Final Judgment dismissing Goble's claims were filed on March 31, 2026. Dkt. Nos. 27; 28. Goble then filed a Motion requesting an extension of time to file a notice of appeal on May 18, 2026. Dkt. No. 29. In that Motion, Goble explains that he was "in continuous custody from approximately February 18, 2026, through April 24, 2026, as reflected by custody records and related proceedings."[2] *Id*. at 1. According to Goble, he "did not receive meaningful notice of dismissal or practical ability to review the final judgment until release from custody on or about April 24, 2026." *Id*. at 2. The same day Goble filed his Motion, he filed a notice of appeal. Dkt. No. 30.

## II.    ANALYSIS

Under Fed. R. App. P. 4(a)(1)(A), Goble had thirty days from the entry of the judgment or order appealed from to file his notice of appeal. Therefore, Goble had until April 30, 2026. Goble missed this deadline and instead filed his motion and notice of appeal on May 18, 2026. The Court construes three possible avenues that could permit Goble to pursue an otherwise untimely appeal. However, Goble plainly fails to satisfy the requirements for two of those avenues. Although the undersigned addresses each in turn, only the third avenue, Rule 4(a)(5), potentially provides a basis for relief.

---

[2] Goble did not attach any custody records or related proceedings.

1. *FRAP 4(a)(4): Effect of a Motion on a Notice of Appeal*

Fed. R. App. P. 4(a)(4) provides that certain post-judgment motions toll the deadline to file a notice of appeal until the district court disposes of those motions. The only potentially applicable motion here would be a motion for relief from judgment under Fed. R. Civ. P. 60, provided it was filed within the time permitted by Rule 4(a)(4)(A)(vi). *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Even liberally construing Goble's Motion as requesting not only an extension of time to appeal, but also relief from the final judgment under Rule 60(b), the Motion would still not toll the deadline for filing a notice of appeal because it was untimely. Under Fed. R. App. P. 4(a)(4)(A)(vi), the Rule 60 motion must be filed within the time allowed for filing a motion under Rule 59—which is 28 days from the entry of judgment. *See* Fed. R. App. P. 59(b)–(e). The judgment in this case was entered on March 31, 2026, meaning any qualifying Rule 60 motion had to be filed by April 28, 2026. Goble did not file his Motion until May 18, 2026. Therefore, Goble is not entitled to relief under FRAP 4(a)(4) even if the Court were to construe his Motion as a Rule 60 motion.[3]

---

[3] Setting timing aside, Goble's Motion also likely does not meet the basic requirements of a Rule 60(b) motion because he does not identify any errors in the Court's order of dismissal or final judgment that would allow the Court to reconsider its decision. Instead, his Motion focuses on his inability to respond to the Court's order and judgment while he was in custody. Specifically, it appears, his inability to file a notice of appeal while he was in custody. *See* Dkt. No. 29 at 2 ("This request is made … for the limited purpose of preserving appellate review following custody-related impairment of access and notice.").

2. *FRAP 4(a)(6): Reopening the Time to File an Appeal*

Fed. R. App. P. 4(a)(6) was specifically designed to deal with cases of late notice

such as this one. It provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6)(A)–(C).

Rule 4(a)(6) thus allows a court to extend the filing period for a party that receives

notice of an order more than three weeks after its entry, which is the case here. Assuming

that Goble, as he claims, did not receive notice of the court's order and judgment until he

was released from custody on April 24, 2026, he could have sought an extension

under Rule 4(a)(6) on that date. However, that Rule requires a party to seek an extension

within 14 days of receipt of such notice. Goble did not seek any extension until May 18,

2026—which is 24 days after he was released from custody and received notice. Therefore,

Goble is not entitled to relief under FRAP 4(a)(6).

3. *FRAP 4(a)(5): Motion for Extension of Time*

Goble's only other potential avenue of relief is Rule 4(a)(5), which provides:

> (A) The district court *may* extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A)(i)–(ii) (emphasis added).

As an initial matter, Goble's motion for an extension was within the time permitted by Rule 4(a)(5). As noted, the deadline for filing an appeal of the Court's March 31, 2026, order and final judgment was April 30, 2026. Thirty days from that time would be May 30, 2026. Goble's motion was filed on May 18, 2026. Therefore, his application for an extension, while not within the appeals period itself, was within thirty days after its expiration. Therefore, Goble's ability to benefit from FRAP 4(a)(5) turns on whether he has shown excusable neglect.

In deciding whether a party has shown excusable neglect in this context, the Fifth Circuit has adopted the Supreme Court's standard from *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468–69 (5th Cir. 1998) (applying Pioneer's standard to Rule 4(a)(5)); *see also Wilhite v. Ark Royal Ins. Co.,* No. 24-20401, 2025 WL 2588992 (5th Cir. Sept. 8, 2025) (applying Pioneer's standard to Rule 4(a)(5)).

A determination of excusable neglect "is at bottom an equitable one." *Pioneer*, 507 U.S. at 395. The court must consider all "relevant circumstances surrounding the party's omission," including: (1) "the danger of prejudice" to the non-movant, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id*.

The undersigned first notes that if Goble received notice of the Court's order and

final judgment when he was released from custody on April 24, 2026, as he claims, then he still had 6 days after his release to file his notice of appeal as a matter of right under Fed. R. App. P. 4(a)(1)(A). Instead, he waited 24 days to file his motion and notice of appeal, which also caused him to miss the deadline for parties who receive late notice under Fed. R. App. P. 4(a)(6). Goble makes no effort to explain why it took him 24 days to file a notice of appeal.

### a. The danger of prejudice to defendants

There are no defendants in this case because in the four months since Goble's filing of this action and its dismissal—during which Goble spent enormous time and energy fighting the Court—Goble never sought the issuance of a summons nor, of course, served a defendant. While at first blush it appears that no defendant could be prejudiced by the Court extending the deadline to appeal, the undersigned finds otherwise.

The Court must consider all "relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Here, those circumstances include that, due solely to Goble's intransigence and repeated refusal to obey the Court's orders—including an order to replead his indecipherable claims—the Court has been unable to effectively assess the possible prejudice to potential defendants because it could not understand what claims Goble was making. *See* Dkt. No. 5. Moreover, exposing a potential defendant to the nonsensical type of pleading Goble has filed would indeed cause such a defendant prejudice, just as Goble's nonsensical pleading and refusal to clarify his claims have needlessly consumed scarce judicial resources.

For these reasons, the undersigned finds that the danger of prejudice to any potential

defendant in permitting Goble more time to appeal his purposely unintelligible claims does exist.

> b.  *The length of the delay and its potential impact on judicial proceedings.*

The length of Goble's delay caused him to miss all the relevant deadlines apart from FRAP 4(a)(5)'s deadline. Furthermore, Goble has a history of missing deadlines even when he is not in custody—such as filing untimely objections to the FCR and paying his filing fee 63 days after the Court's notice of deficiency that allowed 14 days to comply. *See* Dkt. Nos. 5; 12; 13; *see also* docket entry on January 21, 2026, showing confirmation of receipt of payment.

While the delay was not long, the impact on judicial proceedings is to prolong Goble's baseless insistence, which he has shown no signs of abandoning, that he has the right to disrupt the Court's inherent power to control its docket and pleading practices. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). Goble has given the Court no reason to believe that granting the relief he now seeks will do anything but frustrate "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

> c.  *The reason for the delay, including whether it was within the reasonable control of the movant.*

As explained above, every delay in this case has been occasioned by Goble's actions. After his release from custody, he still had 6 days to file his notice of appeal as a matter of right but instead waited 24 days without explanation.

>    *d.  Whether the movant acted in good faith.*

As noted in the prior FCR, Goble has prosecuted this case, thus far, in bad faith. *See* Dkt. No. 12 at 4. Nothing Goble has done in this case, including the instant motion, has been done from the position of good faith and he has given the Court no reason to exercise its discretion in his favor.

Moreover, just like *Latham v. Wells Fargo Bank, N.A.,* 987 F.2d 1199 (5th Cir. 1993), the undersigned finds that Goble has not shown excusable neglect because he failed to file a timely appeal after his release from custody and failed to avail himself of Rule 4(a)(6) for his purported delay in receiving notice. The Latham Court reasoned:

> That rule was designed to handle cases [] such as this one. Yet, as we have seen, Latham waited too long to seek relief under that provision. This fact is fatal to her claim of excusable neglect under Rule 4(a)(5). We cannot say that it was an abuse of discretion to deny Latham relief under the general provisions of Rule 4(a)(5) where but for her own delay she could have sought an extension under Rule 4(a)(6). In sum, we are unable to conclude that the district court erred in denying Latham's motion to extend the time for filing an appeal.

*Latham*, 987 F.2d at 1203. For all the above reasons, Goble is not entitled to relief under FRAP 4(a)(5).

### III.    CONCLUSION

Only one pathway discussed above—FRAP 4(a)(5)—would allow Goble's notice of appeal to be deemed timely. Because Goble has not shown excusable neglect for waiting 24 days after his release from custody to file his motion, the undersigned RECOMMENDS that the Court DENY Goble's Motion, Dkt. No. 29.

## IV.    RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 1st day of June 2026.

_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE